**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHERYL ALEXANDER, an individual; JASON VANIER, an individual; ERIC VANIER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 8:20-cv-01667 CJC (DFMx)<br><br>**JUDGMENT**<br><br><br><br><br><br><br><br>Petition filed: September 2, 2020 |

Pursuant to the Court's Order of March 18, 2022, and it appearing that this Court has jurisdiction of the parties and of the subject herein, and that good cause appearing, thereof,

**JUDGMENT**

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. On and effective May 17, 2001, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") issued Annuity Certificate No. 95-9500-077801 ("Certificate") under Group Contract No. 0001-089538 ("Contract" or "Annuity Contract") to Stephanie Redman as participant and annuitant. As participant, Stephanie Redman was entitled to exercise all rights and privileges of ownership under the Certificate during the accumulation phase. Stephanie Redman designated the Redman Family Trust as beneficiary.

2. That effective July 31, 2014, Sun Life changed its name to Delaware Life Insurance Company ("Delaware Life").

3. That on September 8, 2017, Stephanie Redman notified Delaware Life that she had appointed Defendant, CHERYL ALEXANDER (hereinafter "ALEXANDER") as Attorney-in-Fact under a Power of Attorney ("POA") dated May 4, 2016, and requested the POA be added to her account record.

4. That on September 20, 2017, Stephanie Redman, who was also the annuitant under the Certificate, signed an Annuitization Election Form requesting annuitization of the Certificate starting October 1, 2017. October 1, 2017, therefore became the annuity commencement date, and the Certificate entered its income phase on that date.

5.  That on September 20, 2017, Stephanie Redman also designated beneficiaries under the Certificate which, under the terms of the Election Form, "revokes any and all previous beneficiary designations under [the] Contract." She designated her daughter ALEXANDER and her daughter Linda S. Vanier, each as fifty percent (50%) beneficiaries. As acknowledged in the beneficiary designation section of the Election Form, "the Company does not allow 'per stirpes' beneficiary designations."

6.  That on April 12, 2018, Linda S. Vanier died.

7.  That on August 19, 2018, Stephanie Redman died.

8.  That on February 28, 2019, as the sole beneficiary alive on the date of Stephanie Redman's death, ALEXANDER exercised her beneficiary option to continue the annuity payment stream previously elected by Stephanie Redman, as authorized by the Certificate. Since that time, and at her request, Delaware Life has been depositing the monthly income payments under the Certificate to Defendant Alexander's bank account.

9.  That on July 31, 2020, Delaware Life received a fax letter from an attorney, David S. Chon of The Legacy Lawyers. In that letter, Attorney Chon stated that he represented Defendants, JASON VANIER and ERIC VANIER (collectively referred hereinafter as "VANIERS"), the children of Linda S. Vanier, and that they shall make a claim to the annuity.

**JUDGMENT**

1

10. That on September 2, 2020, Delaware Life filed a Complaint in Interpleader and for Declaratory Relief as to claims by VANIERS to the Annuity Contract, in the United States District Court, Central District of California, entitled *Delaware Life Insurance Company v. Cheryl Alexander, Jason Vanier and Eric Vanier*, Case No.: 8:20-cv-01667-CJC-DFM (hereinafter "Interpleader Action").

11. That on November 6, 2020, ALEXANDER filed her Answer to the Interpleader Action.

12. That on November 30, 2020, the VANIERS filed their Answer to the Interpleader Action.

13. That on January 8, 2021, the parties stipulated to the discharge and dismissal of Plaintiff, Delaware Life.

14. That on January 12, 2021, The Court ordered the discharge and dismissal of Plaitiff, Delaware Life.

15. That on March 17, 2022, the VANIERS filed Notice of Withdrawal of Competing Claims to Interpleaded Death Benefits under Annuity Certificate.

16. Defendant JASON VANIER and Defendant ERIC VANIER, have withdrawan any competing and/or conflicting claims for proceeds under Annuity Contract.

**JUDGMENT**

1

17. By reason of the VANIERS withdrawal of any competing and/or conflicting claims to the Annuity Contract, there are no current conflicting claims by VANIERS to the proceesds of the Annuity Contract.

18. Judgment in favor of Defendant, CHERYL ALEXANDER. Defendant, CHERYL ALEXANDER is entitled to 100% of the remaining benefits under the Annuity Contract. Any remaining benefits under the Annuity Contract shall be distributed Defendant, CHERYL ALEXANDER.

19. Defendants, JASON VANIER and ERIC VANIER, are restrained from insistuting any action for the recovery of death benefits due under the Annuity Contract, already paid or owing, or any part thereof.

20. Defendant, CHERYL ALEXANDER to recover costs pursuant to Federal Rule of Civil Procedure, Rule 54, subsection (d).

DATED: March 23, 2022

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISCTRICT JUDGE